[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 1, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13880
Non-Argument Calendar

_____

D. C. Docket No. 04-00415-CV-BH-B

SARA JEAN DOUGLAS,

Plaintiff-Appellant,

versus

STATE OF ALABAMA DEPARTMENT
OF MENTAL HEALTH AND MENTAL
RETARDATION,
SEARCY HOSPITAL,
MELCINA RUSSELL,
LYDIA WILLIAMS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 1, 2006)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Sara Jean Douglas, a Caucasian female, appeals from a Summary Judgment in favor of the Alabama Department of Mental Health and Mental Retardation ("Department") on her claim of race discrimination, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1).[1] The district court found that Douglas failed to make a prima facie showing of discrimination under Title VII because she did not show that she was replaced by an individual outside her protected class, and she did not show that she was qualified to perform the job position of activity aide at the Claudette Box Nursing Facility ("CBNF"), a branch of Searcy Hospital, which was operated by the Department.

The district court also determined that Douglas did not present evidence to show that the Department's alleged reasons for firing her—namely, her violating CBNF's professional behavior policy by laughing at a patient and violating CBNF's safety policies were a pretext for discrimination.

In this case, contrary to the district court's finding, it is at least arguable that Douglas established a prima facie case of discriminatory termination because, based on the evidence in the record, a reasonable jury could find that Douglas was

---

[1] In her complaint, Douglas also asserted claims against Lydia Williams and Melcina Russell individually, a pattern or practice claim against the Department, and a retaliation claim against all the defendants. Because Douglas admitted to the district court that the claims against Williams and Russell individually, as well as her retaliation claim were due to be dismissed, and because she does not raise any of these claims before this Court, they have been abandoned and will not be discussed further. Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

replaced by an individual outside Douglas's protected class and could find that Douglas was qualified for the position because she had the requisite education and prior experience in the field.

However, Douglas failed to create a genuine issue of material fact regarding whether the Department's articulated reasons for her termination were pretextual. Douglas conceded that she violated the Department's rules against carrying bags around patients after receiving numerous reprimands from the Department, and the record evidence shows that she also was reprimanded for laughing at a patient, both of which led to her unsatisfactory performance appraisals. Moreover, she has made no showing that the Department did not believe that she had committed such infractions. While the Department conceded that it failed to implement the correct personnel procedures, Douglas has not shown that the failure benefitted another employee outside her protected class. In fact, the Department admitted that it made the same mistakes in the evaluation procedure with regard to an African-American female who worked at CBNF during the same time period as Douglas. Thus, we find no reversible error in the grant of Summary Judgment to the Department.

**AFFIRMED.**